IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARIAN H. COURTICE
    Plaintiff

v.

                    CASE NO. 1:08-cv-00719-LH-DJS

MIDLAND CREDIT MANAGEMENT, INC; and
TRANS UNION LLC;
    Defendants

### DEFENDANT TRANS UNION LLC'S
### ANSWERS TO PLAINTIFF'S REQUEST FOR ADMISSION

TO:    MARIAN H. COURTICE, through her counsel of record, Rob Treinen, Feferman
& Warren, 300 Central Avenue SW, Suite 2000 East, Albuquerque, NM 87102.

In accordance with Rules 6(e) and Rule 36(A) of the Federal Rules of Civil
Procedure, Defendant Trans Union LLC (hereinafter referred to as "Trans Union"),
hereby submits its Responses to Plaintiff's Requests for Admission as follows:

## I.  GENERAL OBJECTIONS

A.    Trans Union objects to Plaintiff's Request for Admission to the extent that
they seek disclosure of information protected by the attorney-client and work product
privileges.

B.    Trans Union objects to Plaintiff's Request for Admission to the extent they
seek information that is confidential, proprietary, or trade secret information of Trans
Union and third parties.

These General Objections are incorporated in full in each of the specific
responses below.



**REQUEST FOR ADMISSION NO. 13:** On January 24, 2008, Trans Union received from Ms. Courtice a copy of letter dated March 14, 2007, on Verizon Wireless letterhead, addressed to Ms. Courtice.

**RESPONSE:** Trans Union admits Request for Admission No. 13.

**REQUEST FOR ADMISSION NO. 14:** On January 24, 2008, Trans Union received from Ms. Courtice a letter dated January 18, 2008, and along with this letter, a copy of letter dated March 14, 2007, on Verizon Wireless letterhead, addressed to Ms. Courtice.

**RESPONSE:** Trans Union admits Request for Admission No. 14.

**REQUEST FOR ADMISSION NO. 15:** In a letter dated January 25, 2008, Trans Union informed Ms. Courtice that it was "unable to accept the documentation you sent" in reference to the copy of letter dated March 14, 2007, on Verizon Wireless letterhead, addressed to Ms. Courtice.

**RESPONSE:** Trans Union admits Request for Admission No. 15.

**REQUEST FOR ADMISSION NO. 16:** Concerning the copy of letter dated March 14, 2007, on Verizon Wireless letterhead, addressed to Ms. Courtice, Trans Union did not request any clarification or explanation from Ms. Courtice.

**RESPONSE:** Trans Union admits Request for Admission No. 16.

**REQUEST FOR ADMISSION NO. 17:** Concerning the copy of letter dated March 14, 2007, on Verizon Wireless letterhead, addressed to Ms. Courtice, Trans Union did not request any clarification or explanation from Verizon Wireless.

**RESPONSE:** Trans Union admits Request for Admission No. 17.

**REQUEST FOR ADMISSION NO. 18:** Concerning the copy of letter dated March 14, 2007, on Verizon Wireless letterhead, addressed to Ms. Courtice, Trans Union did not request any clarification or explanation from Midland.

**RESPONSE:** Trans Union admits Request for Admission No. 18.

**REQUEST FOR ADMISSION NO. 25:REQUEST FOR ADMISSION NO. 25:** In the Trans Union credit report for Ms. Courtice that Trans Union provided to Barclays Bank Delaware on July 18, 2008, the Midland account shows as a "collection account."

**RESPONSE:** Trans Union admits that on Plaintiff's July 21, 2008 Trans Union credit report the Midland Account # ...9554 was reporting as "collection account". Trans Union denies all averments not specifically admitted.

**REQUEST FOR ADMISSION NO. 26:** In the Trans Union credit report for Ms. Courtice that Trans Union provided to Barclays Bank Delaware on July 18, 2008, the Midland account is the only adverse account shown on Ms. Courtice's credit report.

**RESPONSE:** Trans Union admits that the Midland Account # ...9554 was the only adverse account appearing Plaintiff's July 21, 2008 Trans Union credit report. Trans Union denies all averments not specifically admitted.

Respectfully submitted,

**RODNEY L. SCHLAGEL**
rlschlagel@btblaw.com
**BUTT THORNTON & BAEHR, P.C.**
P.O. Box 3170
Albuquerque, NM 87190
(505) 884-0777 / (505) 889-8870 (fax)
and
**TIFFANY L. HAWKINS**
tiffany.hawkins@strasburger.com
**STRASBURGER & PRICE, LLP**
2801 Network Boulevard, Suite 600
Frisco, Texas 75034
(469) 287-3921 / (469) 227-6581(fax)
**COUNSEL FOR TRANS UNION LLC**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARIAN H. COURTICE
    Plaintiff

v.

CASE NO. 1:08-cv-00719-LH-DJS

MIDLAND CREDIT MANAGEMENT, INC; and
TRANS UNION LLC;
    Defendants

## DEFENDANT TRANS UNION LLC'S
## OBJECTIONS AND ANSWERS TO PLAINTIFF'S FIRST INTERROGATORIES

TO:    MARIAN H. COURTICE, through her counsel of record, Rob Treinen, Feferman & Warren, 300 Central Avenue S.W., Suite 2000 East, Albuquerque, New Mexico 87102.

In accordance with Rules 6(d) and 33(b) of the Federal Rules of Civil Procedure,

Defendant Trans Union LLC (hereinafter referred to as "Trans Union"), hereby submits

its Objections and Answers to Plaintiff's First Set of Interrogatories as follows:

## I. GENERAL OBJECTIONS

A.    Trans Union objects to Plaintiff's Interrogatories to the extent that they

seek information protected by the attorney-client and work product privileges.

B.    Trans Union objects to Plaintiff's Interrogatories to the extent they seek

information that is confidential, proprietary, or trade secret information of Trans Union or

third parties.

C.    Trans Union objects to Plaintiff's First Set of Interrogatories to the extent

that Plaintiff has exceeded the maximum number of interrogatories allowed by the

Federal Rules in that Plaintiff's First Set of Interrogatories contain discrete subparts

which if answered separately would mean that Plaintiff had exceeded the maximum

number of interrogatories allowed by the Federal Rules.

**Page 1**

work-product privilege.  Subject to its objections and without waiving the same, Trans

Union responds as follows:  Diane Terry, Senior Director, Consumer Relations West

and Fraud Victim Assistance Department of Trans Union LLC, 1561 E. Orangethorpe

Ave., Fullerton, CA 92831.


**INTERROGATORY NO. 2:**  If Trans Union denies any of the above Requests for
Admission, state the factual basis for the denial, identify each person who has
knowledge that supports this factual basis and describe each document that supports
this factual basis.

**ANSWER:**  Trans Union objects to this Interrogatory on the grounds that it is not limited

to a relevant time or scope.  Subject to its objections and without waiving the same,

Trans Union answers regarding the request to describe all factual basis for each denial

of admission as follows: See Trans Union's Answer to Interrogatory No. 3.  Trans Union

further answers the request for a description of all documents in support of each denial

of admission as follows:  Pursuant to FRCP 33(d), see documents labeled TU 1-TU

111.


**INTERROGATORY NO. 3:**  Describe each communication, including but not limited to,
telephone communications, between Trans Union and Ms. Courtice. For each
communication, state:
- a.    the identity of each person who participated in the communication on behalf
  of Trans Union;
- b.    the name of the company for which this person worked at the time of the
  communication;
- c.    the location (exact street address, city, state and/or country) of this person at
  the time of the communication;
- d.    the method of the communication, i.e. , telephone, letter, etc.;
- e.    the content of the communication;
- f    the date of the communication;
- g.    all documents that show or concern the communication; and

h.    the precise location of these documents.

**ANSWER:**  Trans Union objects to this Interrogatory as seeking information having no

relevance to the subject matter of the pending action, nor reasonably calculated to lead

to the discovery of admissible evidence.  Trans Union also objects to this Interrogatory

on the grounds that it is compound, overly broad and unduly burdensome and is not

limited to a relevant time or scope, and fails to identify the information sought with

sufficient particularity.  Subject to its objections and without waiving the same, Trans

Union will respond with regard to the claims in Plaintiff's Complaint and refers Plaintiff to

TU 1-TU 111 pursuant to FRCP 33(d) wherein the information sought is set out:

> On December 13, 2007, Trans Union received an online FACTA Free Disclosure request from Plaintiff, the transaction was systematically recorded in CRS2 through the Internet-DWS process (TU 1-TU 4), and Plaintiff viewed her disclosure online (TU 5-TU 15) – via Trans Union's Fact Act Free Disclosure automated system (CRS9REQF) through Consumer Relations Crum Lynne, PA.

> On the same day, Trans Union received a call from Plaintiff updating her previous address information (TU 16-TU 18) and disputing Midland Credit Management #8521329554 as paid before collection.  In response, Trans Union pulled an internal disclosure and initiated an investigation (TU 19-TU 29) – processed by Operator Sylvester Vaz (C5231) at Consumer Relations Global.  Sylvester Vaz is an employee of Intelenet Global Services Limited ("Intelenet"), a company incorporated under the laws of India and located in Mumbai, India, which provides business process services to Trans Union under an agreement with Intelenet and Tata America International Corporation, a New York corporation.

> On January 9, 2008, in response to Trans Union's 12/13/07 investigation, Yolanda Horne (800-825-8131) of Midland Credit Management verified account #8521329554 as belonging to Plaintiff under Plaintiff's name, current address, and social security number, and updated the date reported (TU 30-TU 32) – via Trans Union's ACDV3 CRS2 automated system (CRS9REQ3) through Consumer Relations Crum Lynne, PA.

> On January 10, 2008, Trans Union's 12/13/07 investigation was completed, and an updated credit file was sent to Plaintiff showing the investigation results (TU 33-TU 43) – via Trans Union's ACDV3 CRS2

automated system (CRS9REQ3) through Consumer Relations Crum Lynne, PA.

On January 18, 2008, Trans Union received a call from Plaintiff disputing Midland Credit Management #8521329554 (TU 44) and Plaintiff indicated she would fax documentation regarding the account (TU 111). In response, Trans Union pulled an internal disclosure, updated Plaintiff's identifying information (TU 67-TU 70), and initiated an investigation (TU 45-TU 56) – processed by Operator Harpreet Chawala (C5180) at Consumer Relations Global. Harpreet Chawala is an employee of Intelenet Global Services Limited ("Intelenet"), a company incorporated under the laws of India and located in Mumbai, India, which provides business process services to Trans Union under an agreement with Intelenet and Tata America International Corporation, a New York corporation.

On January 24, 2008, Trans Union received correspondence from Plaintiff identifying the Verizon as the underlying creditor for  Midland Credit Management #8521329554, enclosing correspondence from Verizon and requesting deletion of the Midland collection account (TU 57-TU 62) – processed by Operator Vineet Sharma (C6825) at Consumer Relations Global.  Vineet Sharma is an employee of Intelenet Global Services Limited ("Intelenet"), a company incorporated under the laws of India and located in Mumbai, India, which provides business process services to Trans Union under an agreement with Intelenet and Tata America International Corporation, a New York corporation.

On January 25, 2008, in response to the additional information received from Plaintiff on 1/24/08, Trans Union cancelled the investigation initiated on 1/18/08 (TU 63-TU 64).   Trans Union initiated a new investigation into Midland Credit Management #8521329554 to verify account identification and if the creditor agreed to delete, with a message of "unable to authenticate documentation dated 3/14/07," and left a comment noting that the additional information was received and documentation received from Plaintiff was unacceptable (TU 111).  On the same day, Trans Union sent a letter to Plaintiff explaining it was unable to use the documentation provided and the time frame for completing the investigation (TU 65-TU 66) – processed by Operators Harpreet Chawala (C5180) and Vineet Sharma (C6825) at Consumer Relations Global.  Both Harpreet Chawala and Vineet Sharma are employees of Intelenet Global Services Limited ("Intelenet"), a company incorporated under the laws of India and located in Mumbai, India, which provides business process services to Trans Union under an agreement with Intelenet and Tata America International Corporation, a New York corporation.

On February 20, 2008, in response to TU's 1/25/08 investigation, Patty Jehoich (800-825-8131) of Midland Credit Management verified

account #8521329554 as belonging to Plaintiff under Plaintiff's name, current address, and social security number, and updated the balance, past due amount, loan type and date reported (TU 71-TU 73) – via Trans Union's ACDV3 CRS2 automated system (CRS9REQ3) through Consumer Relations Crum Lynne, PA.

On February 21, 2008, Trans Union's 1/25/08 investigation was completed, and an updated credit file was sent to Plaintiff showing the investigation results (TU 74-TU 84) – via Trans Union's ACDV3 CRS2 automated system (CRS9REQ3) through Consumer Relations Crum Lynne, PA.

On February 29, 2008, Trans Union received a call from Plaintiff, and in response, Trans Union pulled an internal disclosure for review (TU 85-TU 96). Trans Union left a comment indicating that Plaintiff was inquiring as to why the documentation provided was unusable and was transferred to a supervisor (TU 11), – processed by Operator Dhanashree Satam (C6878) at Consumer Relations Global. Dhanashree Satam is an employee of Intelenet Global Services Limited ("Intelenet"), a company incorporated under the laws of India and located in Mumbai, India, which provides business process services to Trans Union under an agreement with Intelenet and Tata America International Corporation, a New York corporation.

On July 21, 2008, Trans Union received correspondence from Plaintiff requesting a copy of her credit file (TU 97-TU 98), and a credit file disclosure was sent to Plaintiff (TU 99-TU 110) – processed by Operator Basanti Sharma (C3981) at Consumer Relations Global. Basanti Sharma is an employee of Intelenet Global Services Limited ("Intelenet"), a company incorporated under the laws of India and located in Mumbai, India, which provides business process services to Trans Union under an agreement with Intelenet and Tata America International Corporation, a New York corporation.

**INTERROGATORY NO. 4:** List the dates upon which Trans Union received any notice of dispute or other notice, of any type, stating that any information disseminated, sold, printed, held, maintained, used and/or prepared by Trans Union, allegedly concerning Ms. Courtice, was inaccurate or disputed. For each notification, describe the tradeline involved by stating the merchant and account number (if applicable) and state:

- a. the method of the notification, i.e. , telephone, letter, etc.;
- b. the content of the notification;
- c. the date of the notification;
- d. all documents that show or concern the notification;
- e. the precise location of these documents;

Union further answers as follows:  Pursuant to FRCP 33(d), see documents labeled

TU 1-TU 111.

**INTERROGATORY NO. 9:**   Identify all other lawsuits and claims to government agencies, i.e., complaints to the FTC brought against Trans Union in the last ten years, in which the complainant alleged violations of the FCRA concerning Trans Union's alleged refusal to accept or consider documents sent to Trans Union by any person in support of that person's dispute. Please state the name, address and telephone number of all persons who brought such claims. For each civil action or criminal proceeding against Trans Union, please state the caption, the court and the docket number.

**ANSWER:**   Trans Union objects to this Interrogatory as seeking information having no

relevance to the subject matter of the pending action nor are they reasonably calculated

to lead to the discovery of admissible evidence.  Trans Union also objects to this

Interrogatory as overly broad and unduly burdensome in that the time and expense

required to retrieve such data outweighs whatever relevance or probative value it may

have.  Trans Union further objects to providing any information which is protected by the

attorney-client, work product, and investigative privileges.  Finally, Trans Union objects

to this Interrogatory on the grounds that the documents sought are equally available to

Plaintiff through pubic records.

**INTERROGATORY NO. 10:**  Concerning each ACDV that Trans Union produces in this litigation:
- a.   identify all persons that input information onto the ACDV prior to Trans Union sending the ACDV to the furnisher and state the information that each person input;
- b.   state the name of the company for which this person worked at the time that he or she input information onto the ACDV prior to Trans Union sending the ACDV to the furnisher;
- c.   state the location (exact street address, city, state and/or country) of this person at the time that he or she input information onto the ACDV prior to Trans Union sending the ACDV to the furnisher;
- d.   identify the furnisher to which Trans Union sent the ACDV;

**Page 14**

decision or any score, except insurance companies who may have access to other insurance company inquiries where permitted by law.

In accordance with Federal Rule of Civil Procedure 33(d), Trans Union refers Plaintiff to the following documents where the answer to the interrogatory may be ascertained and the burden for ascertaining the answer is substantially the same:  see the inquiry section listed on Plaintiff's credit files, on documents labeled TU 10-TU 11, TU 25-TU 26, TU 39-TU 40, TU 51-TU 52, TU 80-TU 81, TU 92-TU 93, and TU 106.

**INTERROGATORY NO. 16:**  For each outsource company involved in activities performed in connection with any of Ms. Courtice's disputes concerning the Midland account, state:
- a.  the outsource company's full legal name;
- b.  the location (exact street address, city, state and/or country) where the outsource company's activities took place in connection with any of Ms. Courtice's disputes concerning the Midland account;
- c.  any United States location (exact street address, city and state) for the outsource company; and
- d.  the name, address and telephone number for any contact person located in the United States that is utilized by Trans Union in connection with inquiries by Trans Union concerning the handling of consumer disputes by the outsource company on behalf of Trans Union.

**ANSWER:** Trans Union objects to this Interrogatory as seeking information having no relevance to the subject matter of the pending action, nor reasonably calculated to lead to the discovery of admissible evidence.   Further, Trans Union objects to this Interrogatory to the extent that it calls for the confidential, proprietary and/or trade secret information.   Subject to its objections and without waiving the same, Trans Union answers as follows:  Trans Union has contracted with Intelenet Global Services Limited ("Intelenet"), a company incorporated under the laws of India and located in Mumbai,

India, to provide business process services to Trans Union under an agreement with

Intelenet and Tata America International Corporation, a New York corporation.

**INTERROGATORY NO. 17:**  Concerning each outsource company whose identity is responsive to Interrogatory No. 16, state the caption, the court and the docket number for every lawsuit in which Trans Union produced documents that were obtained from the outsource company prior to Trans Union's production of the documents. For each production, state the type of documents produced.

**ANSWER:**  Trans Union objects to this Interrogatory as seeking information having no

relevance to the subject matter of the pending action nor are they reasonably calculated

to lead to the discovery of admissible evidence.   Trans Union also objects to this

Interrogatory as overly broad and unduly burdensome in that the time and expense

required to retrieve such data outweighs whatever relevance or probative value it may

have.  Trans Union further objects to providing any information which is protected by the

attorney-client, work product, and investigative privileges.

**INTERROGATORY NO. 18:**  Concerning each outsource company whose identity is responsive to Interrogatory No. 16, state the caption, the court and the docket number for every lawsuit in which Trans Union produced for deposition an employee, agent, former employee or former agent of the outsource company. For each production, state the full name and job title of the deponent produced.

**ANSWER:**  Trans Union objects to this Interrogatory as seeking information having no

relevance to the subject matter of the pending action nor are they reasonably calculated

to lead to the discovery of admissible evidence.   Trans Union also objects to this

Interrogatory as overly broad and unduly burdensome in that the time and expense

required to retrieve such data outweighs whatever relevance or probative value it may

**Page 20**

have.  Trans Union further objects to providing any information which is protected by the

attorney-client, work product, and investigative privileges.

**INTERROGATORY NO. 19:**  For each affirmative defense that Trans Union raises in this lawsuit, describe all factual basis for each defense, describe all documents that support the defense and identify all witnesses whose testimony supports the defense .

**ANSWER:**   Trans Union objects to this Interrogatory as overly broad and unduly

burdensome.  Trans Union further objects to this Interrogatory as requiring Trans Union

to marshal all facts and evidence and is not appropriate for an interrogatory answer.

Subject to its objections and without waiving same, Trans Union answers as follows

based on the information readily available at this time:  Trans Union did not willfully or

negligently fail to comply with any provision of the FCRA in its handling of Plaintiff's

Trans Union credit files.  Trans Union maintained and followed reasonable procedures

to ensure the maximum possible accuracy of the information concerning Plaintiff in

preparing its consumer reports related to Plaintiff.   Trans Union reasonably and

completely reinvestigated and verified, updated, or removed all information disputed by

Plaintiff in compliance with the FCRA.  Trans Union has not published any false or

inaccurate information to a third party regarding Plaintiff and has not acted with

negligence, malice, actual malice, or willful intent to injure.  Further, see Trans Union's

Answers to Interrogatories and the defenses listed in Trans Union's live pleadings on

file.  Trans Union further answers the request for a description of all documents in

support of its defenses as follows:   Pursuant to FRCP 33(d), see documents bates

labeled TU 1-TU 111.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARIAN H. COURTICE
    Plaintiff

v.

                CASE NO. 1:08-cv-00719-LH-DJS

MIDLAND CREDIT MANAGEMENT, INC; and
TRANS UNION LLC;
    Defendants

## DEFENDANT TRANS UNION LLC'S
## OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION

TO:   MARIAN H. COURTICE, through her counsel of record, Rob Treinen, Feferman & Warren, 300 Central Avenue S.W., Suite 2000 East, Albuquerque, New Mexico 87102.

In accordance with Rules 6(d) and 34(b) of the Federal Rules of Civil Procedure, Defendant Trans Union LLC (hereinafter referred to as "Trans Union"), hereby submits its Objections and Responses to Plaintiff's First Requests for Production of Documents to Defendant Trans Union LLC, as follows:

## I.  GENERAL OBJECTIONS

A.    Trans Union objects to Plaintiff's Request for Production to the extent that they seek disclosure of information protected by the attorney-client and work product privileges.

B.    Trans Union objects to Plaintiff's Request for Production to the extent they seek information that is confidential, proprietary, or trade secret information of Trans Union and third parties.

These General Objections are incorporated in full in each of the specific responses below.

data in a usable form outweighs whatever relevance or probative value it may have. Finally, Trans Union also objects to providing documents that are confidential and proprietary to Trans Union and/or contain Trans Union's trade secrets.  Subject to its objections and without waiving same, Trans Union refers Plaintiff to the documents labeled TU 1-TU 111.

**REQUEST FOR PRODUCTION NO. 2:**  All name scans concerning information about tradelines attributed to Ms. Courtice, from January 1, 2007, until the present.

**ANSWER:**  Trans Union objects to this Request on the grounds that it is overly broad, vague, ambiguous and is not limited to a relevant time or scope.  Further, the discovery sought is unreasonably cumulative or duplicative, is unduly burdensome, and is obtainable from some other source that is more convenient, less burdensome, or less expensive.  Moreover, the time and expense required to view and assemble such data in a usable form outweighs whatever relevance or probative value it may have.  Trans Union further objects to this Request as seeking information having no relevance to the subject matter of the pending action, nor reasonably calculated to lead to the discovery of admissible evidence.  Trans Union further objects to providing information that is confidential, proprietary, and trade secret information of Trans Union.

**REQUEST FOR PRODUCTION NO. 3:**  All documents that show inquiries by furnishers for information about tradelines attributed to Ms. Courtice, from January 1, 2007, until the present.

**ANSWER:**  Trans Union objects to this Request on the grounds that it is overly broad and unduly burdensome and is not limited to a relevant time or scope, and fails to identify the documents sought with sufficient particularity.  Trans Union also objects to

2634850.1/SP/83057/0698/121808

to the discovery of admissible evidence. Trans Union also objects to this Request on the grounds that it is overly broad and unduly burdensome and is not limited to a relevant time or scope, and fails to identify the information sought with sufficient particularity. Subject to its objections and without waiving the same, Trans Union refers Plaintiff to document labeled TU 30-TU 32, TU 57-TU 62, TU 71-TU 73 and TU 97-TU 98.

**REQUEST FOR PRODUCTION NO. 8:** All documents that concern any communication, including but not limited to, records of telephonic communications, between Trans Union and any furnisher concerning any tradelines reported by Trans Union as belonging to or concerning Ms. Courtice that Ms. Courtice disputed.

**ANSWER:** Trans Union objects to this Request as seeking documents having no relevance to the subject matter of the pending action, nor reasonably calculated to lead to the discovery of admissible evidence. Trans Union also objects to this Request on the grounds that it is overly broad and unduly burdensome and is not limited to a relevant time or scope, and fails to identify the documents sought with sufficient particularity. Subject to its objections and without waiving the same, Trans Union refers Plaintiff to document labeled TU 30-TU 32 and TU 71-TU 73.

**REQUEST FOR PRODUCTION NO. 9:** For the period beginning January 1, 2007, all documents that set forth Trans Union's policies, practices or procedures concerning:
- a.    investigations or reinvestigations of claims that credit information it disseminates is erroneous, false, inaccurate or disputed;
- b.    whether to accept a document sent by a person in support of that person's dispute;
- c.    whether a document meets its "MOP CRITERIA" as that terms is used in the document that bears bate stamp no. TU 111 that Trans Union previously produced in this lawsuit;

    d.      "MOP CRITERIA" as that terms is used in the document that bears bate stamp no. TU 111 that Trans Union previously produced in this lawsuit; and

    e.      Trans Union's efforts to maintain the maximum possible privacy, accuracy and completeness of consumer credit information maintained or disseminated by Trans Union.

**ANSWER:**  Trans Union objects to this Request on the grounds that it is overly broad and unduly burdensome and fails to identify the documents sought with sufficient particularity.  Trans Union also objects to this Request to the extent that it calls for the production of confidential, proprietary and/or trade secret documents.  Subject to its objections and without waiving same, Trans Union will produce non-objectionable, responsive documents particular to the time frame at issue, at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 10:**  For the period beginning January 1, 1999, all documents concerning any studies or reports done by or on behalf of Trans Union concerning:

    a.      Trans Union's policies, practices or procedures pertaining to whether it will accept a document sent by a person in support of that person's dispute; and

    b.      Trans Union's "MOP CRITERIA" as that terms is used in the document that bears bate stamp no. TU 111 that Trans Union previously produced in this lawsuit.

**ANSWER:**  Trans Union objects to this Request because it is overly broad, vague, unduly burdensome, and is not limited to a relevant time or scope.  Trans Union further objects to this Request because it calls for the production of trade secret, confidential and proprietary business documents of Trans Union.  Trans Union also objects to producing any documents which are protected by the attorney-client, work product, and investigative privileges.  Trans Union further objects to this Request on the grounds that it calls for the production of material having no relevance to the subject matter of the

2634850.1/SP/83057/0698/121808

pending action, nor it is reasonably calculated to lead to the discovery of admissible

evidence. Further, as worded, this request seeks confidential and private information

regarding other consumers. Trans Union further objects that the cost of obtaining this

material will far outweigh any benefit to having such material and that compiling this

material would be unduly burdensome.

**REQUEST FOR PRODUCTION NO. 11:** A complete and unredacted version of the document that bears bate stamp no. TU 111 that Trans Union previously produced in this lawsuit.

**ANSWER:** Trans Union objects to this Request on the grounds that it calls for the

production of material having no relevance to the subject matter of the pending action,

nor it is reasonably calculated to lead to the discovery of admissible evidence. Trans

Union objects to Plaintiff's Request as it seeks disclosure of information Trans Union

generated in response to this suit being filed and/or the content of communications

between Trans Union and its legal counsel on the ground that such information is

protected by the attorney-client privilege and work-product privilege.

**REQUEST FOR PRODUCTION NO. 12:** All documents that define the contractual relationship between Trans Union and Midland. This request is limited to documents that define the relationship as it existed from January 1, 2007, until the present.

**ANSWER:** Trans Union objects to this Request on the grounds that it is overly broad

and unduly burdensome and fails to identify the documents sought with sufficient

particularity. Trans Union also objects to this Request to the extent that it calls for the

production of confidential, proprietary and/or trade secret information. Trans Union

further objects to producing documents which contain information that is confidential

and proprietary to third parties. Subject to its objections and without waiving same, Trans Union will produce non-objectionable, responsive documents particular to the time frame at issue, at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 13:** Each archived subscriber-version credit report, credit file or credit information which Trans Union generated and published to each user/subscriber listed in the inquiry logs shown on Ms. Courtice's credit reports, consumer reports or credit data files maintained in Trans Union's records from January 1, 2007, until the present.

**ANSWER:** Trans Union objects to this Request because it is overly broad, vague, and unduly burdensome. Trans Union further objects to this Request on the grounds that it calls for the production of material having no relevance to the subject matter of the pending action, nor it is reasonably calculated to lead to the discovery of admissible evidence. Trans Union further objects to this Request because to the extent it calls for the production of trade secret, confidential and proprietary business documents of Trans Union. Subject to its objections and without waiving same, Trans Union responds as follows: Trans Union does not maintain copies of credit scores consumer reports furnished to subscribers. The dates of all consumer reports furnished regarding Plaintiff and the identities of the recipients of such reports are reflected on the documents previously produced to Plaintiff. See the inquiry section listed on Plaintiffs' credit files, on documents labeled TU 10 - TU 11, TU 39 - TU 40, TU 51 - TU 52, TU 80- TU 81, TU 92 - TU 93, and TU 106 - TU 107.

**REQUEST FOR PRODUCTION NO. 14:** All documents that show each credit score that Trans Union published regarding Ms. Courtice from January 1, 2007, until the present.

**ANSWER:**  Trans Union objects to this Request because it is overly broad, vague, and unduly burdensome.  Trans Union further objects to this Request on the grounds that it calls for the production of material having no relevance to the subject matter of the pending action, nor it is reasonably calculated to lead to the discovery of admissible evidence.  Trans Union further objects to this Request because to the extent it calls for the production of trade secret, confidential and proprietary business documents of Trans Union.  Subject to its objections and without waiving same, Trans Union responds as follows:  Trans Union has no responsive documents and Trans Union does not maintain copies of credit scores or consumer reports furnished to subscribers.

**REQUEST FOR PRODUCTION NO. 15:**  All documents that show the average cost to Trans Union of a reinvestigation of a consumer's dispute. This request is limited to documents that show the average cost to Trans Union at any time from January 1, 2007, until the present

**ANSWER:**  Trans Union objects to this Request on the grounds that it calls for the production of material having no relevance to the subject matter of the pending action, nor it is reasonably calculated to lead to the discovery of admissible evidence.  Trans Union also objects to this Request because it is overly broad, vague, and unduly burdensome.  Trans Union further objects to this Request to the extent it calls for the production of trade secrets, confidential and proprietary business information of Trans Union.  Trans Union also objects to producing any documents which are protected by the attorney-client, work product, and investigative privileges.  Trans Union further objects that the cost of obtaining this material will far outweigh any benefit to having such material and that compiling this material would be unduly burdensome.

**REQUEST FOR PRODUCTION NO. 16:** All documents that show costs incurred by Trans Union in reinvestigating each of the Ms. Courtice's disputes concerning the Midland account.

**ANSWER:** Trans Union objects to this Request on the grounds that it calls for the production of material having no relevance to the subject matter of the pending action, nor it is reasonably calculated to lead to the discovery of admissible evidence. Trans Union also objects to this Request because it is overly broad, vague, and unduly burdensome. Trans Union further objects to this Request to the extent it calls for the production of trade secrets, confidential and proprietary business information of Trans Union. Trans Union also objects to producing any documents which are protected by the attorney-client, work product, and investigative privileges. Trans Union further objects that the cost of obtaining this material will far outweigh any benefit to having such material and that compiling this material would be unduly burdensome.

**REQUEST FOR PRODUCTION NO. 17:** All documents that show the average time expended by Trans Union in a reinvestigation of a consumer's dispute. This request is limited to documents that show average time expended by Trans Union at any time from January 1, 2007, until the present.

**ANSWER:** Trans Union objects to this Request on the grounds that it calls for the production of material having no relevance to the subject matter of the pending action, nor it is reasonably calculated to lead to the discovery of admissible evidence. Trans Union also objects to this Request because it is overly broad, vague, and unduly burdensome. Trans Union further objects to this Request to the extent it calls for the production of trade secrets, confidential and proprietary business information of Trans Union. Trans Union also objects to producing any documents which are protected by the attorney-client, work product, and investigative privileges. Trans Union further

objects that the cost of obtaining this material will far outweigh any benefit to having such material and that compiling this material would be unduly burdensome.

**REQUEST FOR PRODUCTION NO. 18:**  All documents that show the time incurred by Trans Union in reinvestigating each of the Ms. Courtice's disputes concerning the Midland account.

**ANSWER:**  Trans Union objects to this Request on the grounds that it calls for the production of material having no relevance to the subject matter of the pending action, nor it is reasonably calculated to lead to the discovery of admissible evidence.  Trans Union also objects to this Request because it is overly broad, vague, and unduly burdensome.  Trans Union further objects to this Request to the extent it calls for the production of trade secrets, confidential and proprietary business information of Trans Union.  Trans Union also objects to producing any documents which are protected by the attorney-client, work product, and investigative privileges.  Trans Union further objects that the cost of obtaining this material will far outweigh any benefit to having such material and that compiling this material would be unduly burdensome.

**REQUEST FOR PRODUCTION NO. 19:**  All prior depositions and trial testimonies of persons who Trans Union will call as witnesses in the trial of this lawsuit.

**ANSWER:**  Trans Union objects to this Request as seeking production of documents having no relevance to the subject matter of the pending action nor are they reasonably calculated to lead to the discovery of admissible evidence.  Trans Union also objects to this Request as overly broad and unduly burdensome in that the time and expense required to retrieve such data outweighs whatever relevance or probative value it may

**Page 14**

have.  Finally, Trans Union objects to this Request as the information sought is protected by confidentiality agreements and protective orders in other cases.

**REQUEST FOR PRODUCTION NO. 20:**  All documents that define the contractual relationship between Trans Union and each outsource company involved in activities performed in connection with any of Ms. Courtice's disputes concerning the Midland account. This request is limited to documents that define the relationship as it existed from January 1, 2007, until the present.

**ANSWER:**  Trans Union objects to this Request as seeking production of documents having no relevance to the subject matter of the pending action, nor reasonably calculated to lead to the discovery of admissible evidence.  Trans Union objects to this Request on the grounds that it is overly broad and unduly burdensome and fails to identify the documents sought with sufficient particularity.  Trans Union also objects to producing documents which contain information that is confidential, proprietary and trade secret information of Trans Union.  Trans Union further objects to producing documents which contain information that is confidential and proprietary to third parties. Finally, Trans Union objects to this Request on the grounds that it seeks production of documents not in Trans Union's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 21:**  For each outsource company involved in activities performed in connection with any of Ms. Courtice's disputes concerning the Midland account, all documents that define the outsource company's obligations, responsibilities or agreements to produce documents or witnesses in response to a request from Trans Union. This request is limited to documents that define the relationship as it existed from January 1, 2007, until the present.

**ANSWER:**  Trans Union objects to this Request as seeking production of documents having no relevance to the subject matter of the pending action, nor reasonably calculated to lead to the discovery of admissible evidence.  Trans Union objects to this

2634850.1/SP/83057/0698/121808

Request on the grounds that it is overly broad and unduly burdensome and fails to identify the documents sought with sufficient particularity. Trans Union also objects to producing documents which contain information that is confidential, proprietary and trade secret information of Trans Union. Trans Union further objects to producing documents which contain information that is confidential and proprietary to third parties. Finally, Trans Union objects to this Request on the grounds that it seeks production of documents not in Trans Union's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 22:**   All documents that Trans Union may introduce at any proceeding in this lawsuit.

**ANSWER:** Trans Union objects to this Request on the grounds that it is not limited to a relevant time or scope. Furthermore, this Request is unduly burdensome to the extent it seeks to impose a different or additional burden on Trans Union than is imposed by the Federal Rules of Civil Procedure. Subject its objections and without waiving same, no decisions have been made regarding exhibits. Trans Union will identify proceeding or trial exhibits in accordance with the Federal Rules of Civil Procedure, the Local Rules and the Court's scheduling order.

**REQUEST FOR PRODUCTION NO. 23:**   All income statements, profit and loss statements and tax returns for the last year for which these documents are available.

**ANSWER:** Trans Union objects to this Request as overly broad, unduly burdensome, and as seeking documents and information that is confidential and proprietary to Trans Union. Trans Union objects to this Request as seeking production of documents having no relevance to the subject matter of the pending action, nor reasonably calculated to

lead to the discovery of admissible evidence.   Trans Union further objects to this Request to the extent that it seeks information for a time period which is irrelevant to the pending action.   Trans Union further objects pursuant to Rule 26(c)(7) of the Federal Rules of Civil Procedure on the basis that Trans Union is a privately held company which does not publicly disclose its balance sheet or other information regarding its financial condition or ownership, and objects to the disclosure of such information

Respectfully submitted,

**RODNEY L. SCHLAGEL**
rlschlagel@btblaw.com
**BUTT THORNTON & BAEHR, P.C.**
P.O. Box 3170
Albuquerque, NM 87190
(505) 884-0777 / (505) 889-8870 (fax)
and
**TIFFANY L. HAWKINS**
tiffany.hawkins@strasburger.com
**STRASBURGER & PRICE, LLP**
2801 Network Boulevard, Suite 600
Frisco, Texas 75034
(469) 287-3921 / (469) 227-6581(fax)
**COUNSEL FOR TRANS UNION LLC**

**Page 17**